ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.  5:18-cv-190-TBR

Z. H., a minor by and through                                                                PLAINTIFF
His Parent and Next Friend,
ZALMICO HARMON

V.

KENTUCKY HIGH SCHOOL ATHLETIC
ASSOCIATION                                                                                      DEFENDANT

## ANSWER

Comes now Defendant, Kentucky High School Athletic Association ("KHSAA"), by and through counsel and hereby files this Answer to the specific allegations made against them by Plaintiff Z. H., a minor, by and through his Parent and Next Friend Zalmico Harmon in the Complaint as follows:

1. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 2 of the Complaint and therefore denies same.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint only to the extent that the KHSAA is designated by the Kentucky Board of Education to manage interscholastic athletics at the high school level by operation of 702 KAR 7:065. Defendant further admits it has an office located at 2280 Executive Drive,

Lexington, KY, 40505. All other allegations contained in paragraph 3 of the Complaint are hereby denied.

4. The contents of paragraph 4 of the Complaint either cite specific provisions of KHSAA Bylaw 6, which speak for themselves, or are legal conclusions to which no response is required. However, out of an abundance of caution any and all other allegations are hereby denied.

5. The allegations contained in paragraph 5 of the Complaint are hereby denied.

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required but out of an abundance of caution are denied.

7. The allegations contained in paragraph 7 of the Complaint are either legal conclusions to which no response is required or the Defendant is without sufficient knowledge or information to form a belief and are therefore denied.

8. The allegations contained in paragraph 8 of the Complaint are either legal conclusions to which no response is required or the Defendant is without sufficient knowledge or information to form a belief and are therefore denied.

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions to which no response is required but out of an abundance of caution are denied. To the extent the Final Order has been cited, the contents of that order shall speak for themselves.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains no allegations, as such, no response is required. However, out of an abundance of caution any allegations contained

therein are denied. The Defendant acknowledges it will comply with the requirements of KRS 13B.140.

12. Paragraph 12 of the Complaint contains no allegations, as such, no response is required. However, out of an abundance of caution any allegations contained therein are denied.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint to the extent that the Hearing Officer issued a Recommended Order consistent with KRS Chapter 13B and the KHSAA Due Process Procedure. As to the contents of the Recommended Order, that document speaks for itself.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in paragraph 16 to the extent the KHSAA Commissioner issued a Final Order consistent with KRS Chapter 13B and the KHSAA Due Process Procedure. As to the contents of the Final Order, that document speaks for itself.

17. The allegations contained in paragraph 17 of the Complaint are hereby denied.

18. The allegations contained in paragraph 18 of the Complaint are hereby denied.

19. The allegations contained in paragraph 19 of the Complaint are hereby denied.

20. Paragraph 20 of the Complaint contains no allegations, as such, no response is required. However, out an abundance of caution any allegations contained therein are denied.

21. Paragraph 21 of the Complaint contains no specific allegations, as such, no response is required. However, out an abundance of caution any allegations contained therein are denied.

22. The allegations contained in paragraph 22 of the Complaint are hereby denied.

23. Paragraph 23 of the Complaint contains no specific allegations, as such, no response is required. However, out an abundance of caution any allegations contained therein are denied.

24. Paragraph 24 of the Complaint contains no specific allegations, as such, no response is required. However, out an abundance of caution any allegations contained therein are denied.

25. Paragraph 25 of the Complaint contains no specific allegations, as such, no response is required. However, out an abundance of caution any allegations contained therein are denied.

26. The allegations contained in paragraph 26 of the Complaint are hereby denied.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is required but out of an abundance of caution are denied. Defendant further states the language of Bylaw 6 speaks for itself.

28. Paragraph 28 of the Complaint contains no specific allegations, as such, no response is required. However, out an abundance of caution any allegations contained therein are denied. Defendant further states the language of Bylaw 6 speaks for itself.

29. Paragraph 29 of the Complaint contains no specific allegations, as such, no response is required. However, out an abundance of caution any allegations contained therein are denied.

30. Paragraph 30 of the Complaint contains no specific allegations, as such, no response is required. However, out an abundance of caution any allegations contained therein are denied.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions to which no response is required but out of an abundance of caution are denied.

32. Paragraph 32 of the Complaint contains no specific allegations, as such, no response is required. However, out an abundance of caution any allegations contained therein are denied.

33. The allegations contained in paragraph 33 of the Complaint are hereby denied.

34. Defendant denies each and every allegation not specifically responded to in this Answer.

### AFFIRMATIVE DEFENSES

1. The Plaintiff fails to state a claim upon which relief may be granted.

2. The claims of the Plaintiff are barred because he has no right, constitutional or otherwise, to participate in interscholastic athletics.

3. The Plaintiff has failed to properly institute this action against the Defendant.

4. The Plaintiff has failed to institute this action properly because of the insufficiency of process and the insufficiency of the service of process.

5. The Plaintiff has failed to join necessary parties under Rule 19.

6. The Court lacks subject matter jurisdiction.

7. Defendant possess official and/or absolute immunity from all or part of the Plaintiff's claims.

8. The claims of the Plaintiff are barred by the doctrines of duress, estoppel, waiver, laches, fraud, release, res judicata, and statute of frauds.

9. The claims of the Plaintiff are barred in whole or part because the underlying administrative regulation is constitutional under both state and federal law.

10. Defendant reserves the right to amend this Answer to assert any additional defenses that may become appropriate.

WHEREFORE, having responded, the Defendant prays as follows:

1. For dismissal of the Plaintiff's Complaint with prejudice;

2. For denial of all demands for interlocutory or permanent relief;

3. For costs and attorney's fees incurred herein; and

4. For any and all relief in law or equity to which it may be entitled.

Respectfully submitted,

/s/ Chad W. Collins
Chad W. Collins
General Counsel
Kentucky High School Athletic Association
2280 Executive Drive
Lexington, KY 40505
Telephone:   (859) 299-5472
Facsimile:   (859) 293-5999

COUNSEL FOR DEFENDANT KENTUCKY HIGH SCHOOL ATHLETIC ASSOCIATION

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing was mailed, United States Mail, First Class, postage paid, to the following on this 13th day of December, 2018.

Hon. William C. Adams, III
291 Main Street; PO Box 1419
Murray, Kentucky 42071

ATTORNEY FOR THE PLAINTIFF

      /s/ Chad W. Collins
      Chad W. Collins

      COUNSEL FOR DEFENDANT KENTUCKY HIGH SCHOOL ATHLETIC ASSOCIATION