UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-190-TBR

Z.H.,                                                                                           PLAINTFF

V.

KENTUCKY HIGH SCHOOL
ATHLETIC ASSOCIATION,                                                          DEFENDANT

**MEMORANDUM AND OPINION AND ORDER**

Plaintiff ("Z") brought suit in Marshall County Circuit Court challenging a final administrative order issued by the Kentucky High School Athletic Association ("KHSAA"), which made him ineligible to participate in varsity athletics at Marshall County High School for one year. With his challenge, Z brought several constitutional claims. Based on those constitutional claims, the KHSAA removed the case to this Court on December 13, 2018. Upon removal, Z filed a Motion for Preliminary Injunction with the Court on December 17, 2018, which would have allowed him to participate in varsity basketball games at Marshall County High School during this litigation's pendency. (R. 5). On January 3, 2019, the Court held a hearing on Z's Motion for Preliminary Injunction. On January 11, 2019 the Court denied that Motion and set a telephonic conference with the Parties on January 17, 2018. During that conference, and in the hopes of persuading the Court to reconsider its ruling on the preliminary injunction, Z's counsel requested permission to file further briefing with the Court pursuant to KRS 13B.150B. (R. 25). The Court granted the request but limited briefing to only those issues

raised by *Ky. Ret. Sys. v. Ashcraft*, 559 S.W.3d 812 (Ky. 2018). Z has filed that brief with the Court, (R. 26), and the KHSAA has responded (R. 29). For the reasons stated below, the Court declines to reconsider it's ruling on Z's Motion for Preliminary Injunction. Z's Motion remains **DENIED**.

DISCUSSION

Z argues that the Kentucky Supreme Court's recent ruling in *Ky. Ret. Sys. v. Ashcraft*, 559 S.W.3d 812 (Ky. 2018) demands a different outcome with regard to whether the KHSAA's final order was arbitrary and capricious than the outcome this Court came to in its January 11, 2019 Opinion. It does not.

The Court agrees with the KHSAA that *Ashcraft*, boiled down to its most essential elements, allows a reviewing court to overturn an agency decision when, although the agency's decision was based on substantial evidence, there is overwhelming evidence to support an opposite decision. *See Ashcraft*, 559 S.W.3d at 819-22. *Ashcraft* does not allow a reviewing court to substitute its judgment for the agency's in reviewing a close call. In light of *Ashcraft*, there remains "a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). As the Court notes in its January 11, 2019 Opinion, that "zone of choice" is exactly where this case sits. (R. 22, p. 14). Thus, this Court finds no reason in *Ashcraft* to reconsider its January 11, 2019 ruling denying Z's Motion for Preliminary Injunction.

CONCLUSION AND ORDER

Based on the reasons above, and the Court being otherwise sufficiently advised, Z's Motion for Preliminary Injunction, (R. 5), remains **DENIED**.

A **telephonic conference is hereby set for February 4, 2019 at 10:30 Central Standard Time**. The Court shall place the call.


IT IS ORDERED.